**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| Kenneth Syncere Rivera, a/k/a )<br>Kenneth D. Rivera, a/k/a Kenneth )<br>Rivera, )<br>       Plaintiff )<br>  v.        )<br>          )<br>Bryan P. Stirling, Director; Joseph )<br>McFadden, Warden; Ryshema Davis, )<br>Nutritionist IV; Mr. Jones, FSS IV; Mr. )<br>Contino, Chaplain, )<br>          )<br>      Defendants. )<br>_____) | Criminal Action No.: 8:15-cv-04482-JMC<br><br><br>**ORDER** |

   Plaintiff Kenneth Rivera ("Plaintiff") proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that his rights under the Free Exercise Clause of the First Amendment have been violated by Defendants who have refused to provide him with the proper vegetarian diet as required by his Muslim faith. (ECF No. 1.)  Plaintiff further alleges that after he filed administrative complaints, Defendants retaliated against him by sending meat with his meal.  (ECF No. 1.)   This matter is now before the court on Defendants' Motion to Dismiss and for Designation as a Strike.  (ECF No. 18.)  Plaintiff also filed motions for extension of time to prepare a defense (ECF No. 30), to compel (ECF No. 33), and to appoint counsel (ECF No. 38.)

   In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Jacquelyn Austin, for pre-trial handling.  On June 24, 2016, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court grant Defendants' Motion to Dismiss and deny Plaintiff's outstanding motions as moot.  (ECF No. 42.) Subsequently, Plaintiff filed timely Objections to the Report.  (ECF No. 44.) For the reasons stated

1

herein, the court **ACCEPTS** the Report insofar as the Magistrate Judge recommends that Plaintiff's complaint should be dismissed, but the court departs from the reasoning of the Magistrate Judge as to the grounds on which the complaint is to be dismissed. The Magistrate Judge determined that Plaintiff's complaint should be dismissed because he failed to exhaust his administrate remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, as a prerequisite for a civil rights action. However, this court finds that Plaintiff's complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(g).

Over the preceding four years, Plaintiff has filed at least twenty cases in federal court. The vast majority of these cases have resulted in either dismissal of Plaintiff's complaint or a grant of summary judgment in favor of the defendants.  Pursuant to 28 U.S.C. § 1915(g), if a "prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner is unable to proceed under section 1915 unless "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g). In order for a case to be properly designated as a strike, it must be dismissed in its entirety on grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Tolbert v. Stevenson*, 635 F.3d 646 (4th Cir. 2011)

On June 15, 2016, this court entered an order in *Kenneth Rivera v. Scott Bodiford*, Civil Action No. 8:15-3272 (D.S.C. filed August 18, 2015) dismissing Plaintiff's civil rights action for failure to state a claim upon which relief could be granted.  (8:15-3272; ECF No. 15.)  The court also designated a strike pursuant to 28 U.S.C. § 1915(g).  (*Id.*)  On June 20, 2016, this court entered an order in *Kenneth Rivera v. Bryan Stirling*, Civil Action No. 8:15-2135 (D.S.C. filed May 29, 2015) dismissing Plaintiff's civil rights action for failure to state a claim upon which relief can be

granted.  (8:15-2135; ECF No. 16.)  The court also designated a strike pursuant to 28 U.S.C. § 1915(g). (*Id.*)   Finally, on June 30, 2016, this court entered an order in *Kenneth Rivera v. Bryan Stirling*, Civil Action No. 8:15-2995 (D.S.C. filed July 31, 2015) dismissing Plaintiff's civil rights action for failure to state a claim upon which relief can be granted.  (8:15-2995; ECF No. 15.)  The court designated the filing in that case a strike pursuant to 28 U.S.C. § 1915(g) as well.  (*Id.*)

To date, Plaintiff has accumulated at least three strikes pursuant to section 1915(g). Plaintiff does not allege, nor does it appear to this court based on Plaintiff's complaint, that Plaintiff is under imminent danger of serious physical injury.  Accordingly, Plaintiff is unable to proceed *in forma pauperi*s with this claim in this court.  Although prisoners have a constitutional right of access to the courts, that right is not without limits.  *Blakely v. Wards*, 738 F.3d 607, 624 (4th Cir. 2013) (Motz, J., dissenting).  "The three-strikes rule imposes a notable limit on a prisoner's ability to proceed *in forma pauperis* ("IFP").  *Id.* Thus, Plaintiff's complaint must be dismissed without prejudice to his right to re-file this action subject to the payment of the necessary filing fee.

For the foregoing reasons, this court **ACCEPTS, but for differing reasons,** the Report and Recommendation of the Magistrate Judge (ECF No. 42) insofar as the Magistrate Judge recommends that Plaintiff's complaint be dismissed.  Defendants' Motion to Dismiss and for Designation as a Strike (ECF No. 18) is **DENIED** as moot.  Plaintiff's motions (ECF Nos. 30, 33, 38) are also **DENIED** as moot.  Plaintiff's complaint (ECF No. 1) is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

3

July 27, 2016
Columbia, South Carolina